JOSEPH T. MCNALLY
Acting United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
JUAN M. RODRIGUEZ (Cal. Bar No. 313284)
Assistant United States Attorney
Public Corruption and Civil Rights Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0304
    Facsimile: (213) 894-0141
    E-mail:    Juan.Rodriguez@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 25-15-FLA |
|---|---|
| Plaintiff, | (Related Case No. CR 21-547-FLA) |
| v. | PLEA AGREEMENT FOR DEFENDANT CHRISTOPHER JOSEPH ANTOUN |
| CHRISTOPHER JOSEPH ANTOUN, aka "chris.antoun92@gmail.com," aka "antounchris13@gmail.com," | |
| Defendant. | |

    1.    This constitutes the plea agreement between Christopher Joseph Antoun ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the investigation relating to defendant making interstate threats via email in or around August 2024.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.  Defendant agrees to:

a.   Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a two-count information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with Threats by Interstate Communication in violation of 18 U.S.C. § 875(c).

b.   At the earliest opportunity requested by the USAO and provided by the Court, appear and admit allegations one through eight, inclusive (Dkt. 88), allegation 10 (Dkt. 94), and allegations 11 through 14, inclusive (Dkt. 97), charged in the Petitions on Probation and Supervised Release filed in United States v. Christopher Joseph Antoun, CR No. 21-547-FLA.

c.   Not contest the Factual Basis agreed to in this agreement.

d.   Abide by all agreements regarding sentencing contained in this agreement.

e.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

f.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

g.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

2

h.   Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

i.   Recommend that defendant be sentenced to no less than 11 months and not seek, argue, or suggest in any way, either orally or in writing, that the Court impose a term of imprisonment below 11 months.

j.   Agree to and not oppose the imposition of the following conditions of probation or supervised release:

i.   The defendant shall possess and use only those computers and computer-related devices, screen usernames, passwords, email accounts, and internet service providers (ISPs), social media accounts, messaging applications and cloud storage accounts, that have been disclosed to the Probation Officer upon commencement of supervision.  Any changes or additions are to be disclosed to the Probation Officer prior to the first use.  Computers and computer-related devices include personal computers, internet appliances, electronic games, cellular telephones, digital storage media, and their peripheral equipment, that can access or can be modified to access, the internet, electronic bulletin boards, and other computers;

ii.  All computers, computer-related devices, and their peripheral equipment, used by the defendant shall be subject to search, seizure, and computer monitoring.  This shall not apply to items used at the employment site that are maintained and monitored by the employer;

iii. The defendant shall not use any software program or device designed to hide, alter, or delete information relating to

3

his computer use, Internet activities, or the files stored on his assigned computers.  This includes the use of encryption, file erasing, file shredding, secure file deletion, and cache/cookie removal software without prior written approval from the United States Probation Office;

       iv.  The defendant shall comply with the rules and regulations of the Computer Monitoring Program.  The defendant shall pay the cost of the Computer Monitoring Program; and

       v.  The defendant shall submit the defendant's person, property, house, residence, vehicle, papers, computers, cell phones, other electronic communications or data storage devices or media, email accounts, social media accounts, cloud storage accounts, or other areas under the defendant's control, to a search conducted by a United States Probation Officer or law enforcement officer. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.  Any search pursuant to this condition will be conducted at a reasonable time and in a reasonable manner upon reasonable suspicion that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation.

THE USAO'S OBLIGATIONS

3.  The USAO agrees to:

       a.  Not contest Factual Basis agreed to in this agreement.

       b.  Upon the filing of the information in this matter, to file a Notice to the Court of Related Criminal Case with respect to United States v. Christopher Joseph Antoun, CR No. 21-547-FLA.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

e.   Move to dismiss allegation nine (Dkt. 94) charged in the Petition on Probation and Supervised Release filed in United States v. Christopher Joseph Antoun, CR No. 21-547-FLA.

f.   At the time of sentencing in connection with defendant's admissions to the allegations in the Petitions on Probation and Supervised Release (Dkts. 88, 94, 97) in United States v. Christopher Joseph Antoun, CR No. 21-547-FLA, recommend: (1) revocation of supervised release; (2) concurrent sentencing with the instant case provided that the sentence imposed is at least 11 months' imprisonment; and (3) termination of the remainder of supervision in United States v. Christopher Joseph Antoun, CR No. 21-547-FLA.   Defendant understands that the USAO's sentencing recommendation is not binding on the Court.   Defendant further understands that defendant will not be relieved of his obligations under the agreement or provided an opportunity to withdraw his plea of guilty, even if the Court's revocation sentence is longer than the government's recommendation.

g.   Not seek a sentence of imprisonment above the high end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 10 or

5

1  higher and provided that the Court does not depart downward in

2  offense level or criminal history category.  For purposes of this

3  agreement, the high end of the Sentencing Guidelines range is that

4  defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A,

5  without regard to reductions in the term of imprisonment that may be

6  permissible through the substitution of community confinement or home

7  detention as a result of the offense level falling within Zone B or

8  Zone C of the Sentencing Table.

9                          <u>NATURE OF THE OFFENSES</u>

10      4.   Defendant understands that for defendant to be guilty of

11  the crime charged in counts one and two, that is, Threats by

12  Interstate Communication, in violation of Title 18, United States

13  Code, Section 875(c), the following must be true: (1) defendant

14  knowingly transmitted in interstate commerce an electronic

15  communication containing a threat to injure Stake.us employees and

16  (2) such electronic communication was transmitted for the purpose of

17  issuing a threat, or with knowledge that the email would be viewed as

18  a threat.  The government need not prove that the defendant intended

19  to carry out the threat.

20                              <u>PENALTIES</u>

21      5.   Defendant understands that the statutory maximum sentence

22  that the Court can impose for each violation of Title 18, United

23  States Code, Section 875(c), is: 5 years' imprisonment; a 3-year

24  period of supervised release; a fine of $250,000 or twice the gross

25  gain or gross loss resulting from the offense, whichever is greatest;

26  and a mandatory special assessment of $100.

27      6.   Defendant understands, therefore, that the total maximum

28  sentence for all offenses to which defendant is pleading guilty is:

10 years' imprisonment; a 3-year period of supervised release; a fine of $500,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.

7. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

9. Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States

citizen, the convictions in this case make it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his convictions on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his pleas may entail, even if the consequence is automatic removal from the United States.

<u>FACTUAL BASIS</u>

10.   Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 12 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On or about August 17, 2024, in Los Angeles County, within the Central District of California, defendant, also known as ("aka") "chris.antoun92@gmail.com," with intent to issue a threat, and with knowledge that it would be viewed as a threat, knowingly transmitted

1    in interstate commerce an electronic communication that contained a

2    true threat to injure the person of another, namely, Stake.us

3    employees.  Specifically, defendant sent an email from

4    chris.antoun92@gmail.com to a Stake.us employees, stating, "I'm gonna

5    kill every last one of you.  Just wait."  Defendant intended to

6    threaten Stake.us employees and knew that such language would be

7    perceived as a true threat.

8          On August 22, 2024, in Los Angeles County, within the Central

9    District of California, defendant, aka "antounchris13@gmail.com,"

10   with intent to issue a threat, and with knowledge that it would be

11   viewed as a threat, again knowingly transmitted in interstate

12   commerce an electronic communication that contained a true threat to

13   injure Stake.us employees.  Specifically, defendant sent an email

14   from "antounchris13@gmail.com" to Stake.us employees stating, "YOU

15   FUCKING TRASH BITCH MOTHER FUCKERS. IM GONNA [sic] KILL EVERY LAST

16   ONE OF YOU I SWEAR TO GOD."  Defendant intended to threaten Stake.us

17   employees and knew that such language would be perceived as a true

18   threat.

19                              SENTENCING FACTORS

20        11.  Defendant understands that in determining defendant's

21   sentence the Court is required to calculate the applicable Sentencing

22   Guidelines range and to consider that range, possible departures

23   under the Sentencing Guidelines, and the other sentencing factors set

24   forth in 18 U.S.C. § 3553(a).  Defendant understands that the

25   Sentencing Guidelines are advisory only, that defendant cannot have

26   any expectation of receiving a sentence within the calculated

27   Sentencing Guidelines range, and that after considering the

28   Sentencing Guidelines and the other § 3553(a) factors, the Court will

                                      9

be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

12. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level:              12              U.S.S.G. § 2A6.1(a)

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate, subject to paragraph 2(i) above. Defendant and the USAO agree that, pursuant to U.S.S.G. § 5G1.3(b) and cmt. 2(C), any term of imprisonment imposed in the instant case should be reduced by the amount of time defendant has served in connection with the supervised release revocation proceedings in United States v. Christopher Joseph Antoun, CR No. 21-547-FLA.

13. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

14. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7), subject to paragraphs 2(i) and 3(f) above.

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

15. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a.  The right to persist in a plea of not guilty.

    b.  The right to a speedy and public trial by jury.

c.    The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.    The right to confront and cross-examine witnesses against defendant.

f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

16.    Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that

11

the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

LIMITED WAIVER OF APPEAL OF SENTENCE AND COLLATERAL ATTACK

17. Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 24 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and (g) any conditions of supervised release agreed to by defendant in paragraph 2 above.

18. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above, and (b) the Court imposes a term of imprisonment no less than 11 months, the USAO gives up its right to appeal any portion of the sentence.

19. Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing

12

Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

20. Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

<u>RESULT OF VACATUR, REVERSAL OR SET-ASIDE</u>

21. Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining count of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty plea on any remaining count of conviction, with both the USAO and defendant being released from all their obligations under this agreement, or (c) leave defendant's remaining conviction, sentence, and plea agreement intact. Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

1    EFFECTIVE DATE OF AGREEMENT

2         22.  This agreement is effective upon signature and execution of

3    all required certifications by defendant, defendant's counsel, and an

4    Assistant United States Attorney.

5    BREACH OF AGREEMENT

6         23.  Defendant agrees that if defendant, at any time after the

7    signature of this agreement and execution of all required

8    certifications by defendant, defendant's counsel, and an Assistant

9    United States Attorney, knowingly violates or fails to perform any of

10   defendant's obligations under this agreement ("a breach"), the USAO

11   may declare this agreement breached.  All of defendant's obligations

12   are material, a single breach of this agreement is sufficient for the

13   USAO to declare a breach, and defendant shall not be deemed to have

14   cured a breach without the express agreement of the USAO in writing.

15   If the USAO declares this agreement breached, and the Court finds

16   such a breach to have occurred, then: (a) if defendant has previously

17   entered guilty pleas pursuant to this agreement, defendant will not

18   be able to withdraw the guilty pleas, and (b) the USAO will be

19   relieved of all its obligations under this agreement.

20        24.  Following the Court's finding of a knowing breach of this

21   agreement by defendant, should the USAO choose to pursue any charge

22   or any Supervised Release Violation Report allegation that was either

23   dismissed or not filed as a result of this agreement, then:

24        a.   Defendant agrees that any applicable statute of

25   limitations is tolled between the date of defendant's signing of this

26   agreement and the filing commencing any such action.

27        b.   Defendant waives and gives up all defenses based on

28   the statute of limitations, any claim of pre-indictment delay, or any

                                    14

speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.    Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to Factual Basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

25.    Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to the Factual Basis or sentencing factors.

26.    Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it

15

chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 12 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the Factual Basis agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the Factual Basis agreed to in this agreement.

27.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

28.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

29. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

E. MARTIN ESTRADA
United States Attorney

*Juan M. Rodriguez*                          January 7, 2025
JUAN M. RODRIGUEZ                            Date
Assistant United States Attorney

                                             1/7/2025
CHRISTOPHER JOSEPH ANTOUN                    Date
Defendant

                                             1/7/2025
HANNAH BOGEN                                 Date
Attorney for Defendant
CHRISTOPHER JOSEPH ANTOUN

1

## CERTIFICATION OF DEFENDANT

2    I have read this agreement in its entirety.  I have had enough

3 time to review and consider this agreement, and I have carefully and

4 thoroughly discussed every part of it with my attorney.  I understand

5 the terms of this agreement, and I voluntarily agree to those terms.

6 I have discussed the evidence with my attorney, and my attorney has

7 advised me of my rights, of possible pretrial motions that might be

8 filed, of possible defenses that might be asserted either prior to or

9 at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

10 of relevant Sentencing Guidelines provisions, and of the consequences

11 of entering into this agreement.  No promises, inducements, or

12 representations of any kind have been made to me other than those

13 contained in this agreement.  No one has threatened or forced me in

14 any way to enter into this agreement.  I am satisfied with the

15 representation of my attorney in this matter, and I am pleading

16 guilty because I am guilty of the charges and wish to take advantage

17 of the promises set forth in this agreement, and not for any other

18 reason.

19

_____          1/7/25
                                          _____
20 CHRISTOPHER JOSEPH ANTOUN                Date
   Defendant

21

22

23

24

25

26

27

28

18

1

## CERTIFICATION OF DEFENDANT'S ATTORNEY

2     I am Christopher Joseph Antoun's attorney. I have carefully and

3 thoroughly discussed every part of this agreement with my client.

4 Further, I have fully advised my client of his rights, of possible

5 pretrial motions that might be filed, of possible defenses that might

6 be asserted either prior to or at trial, of the sentencing factors

7 set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8 provisions, and of the consequences of entering into this agreement.

9 To my knowledge: no promises, inducements, or representations of any

10 kind have been made to my client other than those contained in this

11 agreement; no one has threatened or forced my client in any way to

12 enter into this agreement; my client's decision to enter into this

13 agreement is an informed and voluntary one; and the factual basis set

14 forth in this agreement is sufficient to support my client's entry of

15 guilty pleas pursuant to this agreement.

16

17 HANNAH BOGEN 
                 1/7/2025

18 Attorney for Defendant
            Date

CHRISTOPHER JOSEPH ANTOUN

19

20

21

22

23

24

25

26

27

28